UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

T<small>ERRELL</small> R<small>AVON</small> R<small>EESE</small>,

     Plaintiff,     Case No. 2:20-cv-4

v.              Honorable Janet T. Neff

U<small>NKNOWN</small> B<small>OLM</small> et al.,

     Defendants.
_____/

## **OPINION**

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Unknown Josh, A. Paige, C. Negrinelli, and D. Carlson. The Court will also dismiss Plaintiff's First Amendment retaliation claims, due process claims, and official capacity claims against the remaining Defendants. Plaintiff's Eighth Amendment claims against Defendants Bolm, Anderson, Labelle, Watson, and Thorrington remain.

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Michigan. The events about which he complains occurred at that facility during October and November 2019. Plaintiff sues MBP Corrections Officers Unknown Bolm, Unknown Anderson, and Unknown Labelle; Sergeant Unknown Watson, Unknown Thorrington; Corrections Officer or maintenance worker Unknown Josh; and Nurses A. Paige, C. Negrinelli, and D. Carlson. Plaintiff sues each Defendant in his or her individual and official capacity.

Plaintiff alleges that he was released from suicide watch on October 7, 2019. He was taken to a cell in E unit. Once he was in E unit, Defendant Bolm informed him he would be moved to cell 8, described as the "shitty cell," because he had faked a suicide attempt. (Compl., ECF No. 1, PageID.4.) Plaintiff was moved to the cell and discovered the toilet was not working; it was caked with fecal matter and urine. Moreover, the water supply to the sink was shut off.

Plaintiff raised the problems with the cell to Defendant Anderson. Defendant Anderson told Plaintiff to deal with it or kill himself. Anderson indicated that Defendant Bolm had instructed the staff to not turn on the water or fix the toilet.

The next morning, Plaintiff spoke with Defendant Thorrington regarding the problems with the toilet and sink. Thorrington told Plaintiff he had "a couple more days of torture" coming as "punishment for faking suicide all the time." (*Id.*, PageID.5.) Later that day, Plaintiff raised the problems with Defendant Watson. Watson told him to either wait it out or kill himself.

Plaintiff notes that the foul smell precluded him from eating. He frequently vomited in the toilet. He used the liquids from his meals to clean himself. Eventually, he was

2

forced to use the toilet to urinate and defecate. When Plaintiff vomited and defecated in the toilet, he was splashed with its contents.

On October 11, Plaintiff raised the issues regarding the toilet and sink with Defendant Labelle. Labelle told Plaintiff that if Plaintiff stuck his tongue in the toilet, Labelle would get a corrections officer to call maintenance. Plaintiff did so.

At about 8:00 or 9:00 a.m., Defendant Josh came to Plaintiff's cell and repaired the toilet. Plaintiff asked Josh about the sink. Josh told him that Labelle told him to leave the water off, but fix the toilet.

On October 11, Plaintiff claims that he sent a medical kite to health services complaining of kidney pain and dehydration. On November 13, Defendant Paige came to his cell. She asked if he wanted to be seen. He said "yes." He explained that he had been exposed to another person's feces. But, an unknown corrections officer informed Paige that Plaintiff was faking. She did not mark Plaintiff for call out, instead she reported that he had refused.

Plaintiff grieved health care about not being seen. Defendant Negrinelli responded to the grievance. Plaintiff claims that Defendant Negrinelli attempted to cover up the situation.

Plaintiff also complained to Defendant Carlson, by kite and in person, about not being seen by healthcare staff. He explained to her the issue with the vomit, feces, and urine. She said she did not care and that she would protect the best interests of healthcare personnel.

Plaintiff seeks a declaration that Defendants' actions violated Plaintiff's constitutional rights. He seeks a preliminary and permanent injunction ordering Defendants Bolm Thorrington, Labelle, and Watson to stop harassing him and compelling them to permit Plaintiff to work at MBP. Plaintiff also seeks hundreds of thousands of dollars in compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.    Immunity**

A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Therefore, the Court will dismiss Plaintiff's claims for monetary relief against the Defendants in their respective official capacities.

An official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The exception, however, applies only if the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in the judgment)). Plaintiff seeks prospective injunctive relief; however, he does not allege an ongoing violation. He does not allege that the cell in which he is presently housed has the toilet and sink problems he suffered during October of 2019. Nor does Plaintiff allege that these Defendants are presently imposing unconstitutional conditions of confinement upon him.[1] His request for injunctive relief is not prospective within

---

[1] In fact, Plaintiff's requests for injunctive relief appear to be wholly unrelated to the issues he raises in his complaint. He asks the Court to preclude the corrections officers from harassing him—conduct that is not alleged to be

5

the meaning of *Verizon Maryland* and, therefore, his request for such relief against the Defendants in their official capacities is barred by sovereign immunity. Therefore, the Court will dismiss Plaintiff's claims for injunctive relief against the Defendants in their respective official capacities.

## IV. Eighth Amendment violations

Plaintiff contends that the Defendants' conduct violates his Eighth Amendment rights. (Compl., ECF No. 1, PageID.9.) The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted

---

continuing—and to permit him to work—a matter not even mentioned in his complaint. An injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also King v. Zamiara*, 788 F.3d 207, 217-18 (6th Cir. 2015); *Dunbar v. Prelesnik*, No. 1:13-cv-1100, 2015 WL 1393376, at *4 (W.D. Mich. Mar. 25, 2015), *aff'd on this issue, vacated on other grounds*, No. 16-1374, 2016 WL 11618615, at *3 (6th Cir. Oct. 27, 2016).

with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* Allegations of negligence fall short of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence").

Plaintiff's allegations regarding Defendants Bolm, Anderson, Labelle, Watson, and Thorrington appear to fall squarely within the category of unnecessary and wanton infliction of pain. According to Plaintiff's allegations, each of those Defendants was aware of the deplorable conditions of Plaintiff's confinement and each expressed the intention that those conditions continue as punishment for his attempted suicide. Plaintiff's allegations suffice to state an Eighth Amendment claims against Defendants Bolm, Anderson, Labelle, Watson, and Thorrington.

Plaintiff's claims against Defendant Josh, however, fall short. There is no indication that Josh was aware of the conditions in Plaintiff's cell until he repaired the toilet on October 11. Although Plaintiff's allegations make clear that Josh was aware that Plaintiff's cell sink was not operational, they also make clear that Josh was instructed to not repair the sink. Moreover, there is nothing in the complaint that supports the inference that Josh had any intention to cause Plaintiff harm by not repairing the sink. Accordingly, Plaintiff's allegations do not suffice to state an Eighth Amendment claim against Defendant Josh.

7

Plaintiff's Eighth Amendment claims against Defendants Paige, Negrinelli, and Carlson are different in nature from his claims against the other Defendants. Plaintiff alleges that these Defendants failed to provide him healthcare services. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

Plaintiff claims his health was put in jeopardy in three ways: he came in contact with vomit, urine, and fecal matter because of the non-functioning toilet; he was dehydrated because of the vomiting, use of meal liquids to clean himself, and the non-functioning sink; and

the conditions jeopardized his mental health. Whether or not these conditions posed a risk of serious harm while Plaintiff was enduring them between October 7 and October 11, Plaintiff provides no facts to support an inference that the conditions were obviously serious when Defendant Paige saw Plaintiff for the first time "weeks after [Plaintiff's] health care kite was submitted." (Compl., ECF No. 1, PageID.7.) Similarly, Plaintiff alleges no facts that might support an inference that the conditions posed a risk of serious harm even later, after Plaintiff complained about Paige to Defendants Negrinelli or Carlson. Plaintiff alleges no facts indicating that Paige, Negrinelli, or Carlson are responsible for the delay between the time Plaintiff submitted his kite and the time Paige saw Plaintiff weeks later. And, finally, Plaintiff alleges no facts to show that the delay between submitting his kite and Paige's visit resulted in any detrimental effect.

In short, Plaintiff fails to allege that these Defendants were aware of, and consciously ignored, a risk of serious harm to Plaintiff. Accordingly, he has failed to state an Eighth Amendment claim against Defendants Paige, Negrinelli, and Carlson.

## V.     First Amendment retaliation

Plaintiff uses the term "retaliation" in his complaint. (Compl., ECF No. 1, PageID.5.) Plaintiff suggests that Defendants Bolm, Anderson, Labelle, Watson, and Thorrington retaliated against him because he attempted to commit suicide.

Although Plaintiff does not specifically reference a First Amendment retaliation claim, his allegations might be liberally construed as attempting to state such a claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the

9

protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's First Amendment retaliation claims fails at the first step of the *Thaddeus-X* analysis. "[A]ttempting suicide is not constitutionally protected conduct." *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293, at *1 (W.D. Mich. Dec. 14, 2007).

## VI. Due process

Plaintiff also alleges that the same conduct that violated his Eighth Amendment rights violated his due process rights. (Compl., ECF No. 1, PageID.9.) To the extent Plaintiff complains that he somehow suffered an additional wrong by being denied process before he was placed, purposely, in a cell with deplorable sanitation conditions, his claim is misplaced. The process the Fourteenth Amendment affords—notice and an opportunity to be heard by an impartial decision-maker—would not permit the Defendants' placement of Plaintiff into the conditions he describes. The deliberate, purposeful, and punitive placement of Plaintiff into that cell violates the Eighth Amendment with or without process.

The due process clause also includes the concept of "substantive due process." "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

10

Substantive due process would appear to protect Plaintiff from the wrong alleged here; but it does not. "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims. For example, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his cell condition and medical claims. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claims. Thus, the standard applicable to that source, the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to

11

free speech is duplicative of [a] First Amendment retaliation claim."). Accordingly, Plaintiff has failed to state a claim for violation of his due process rights.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Josh, Paige, Negrinelli, and Carlson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants: official capacity claims, First Amendment retaliation claims, and due process claims. Plaintiff's Eighth Amendment claims against Defendants Unknown Bolm, Unknown Anderson, Unknown Labelle, Unknown Watson, and Unknown Thorrington remain in the case.

An order consistent with this opinion will be entered.

Dated:  February 19, 2020                    /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge